UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDULLAH SPENCER NIMHAM-EL-DEY,<br><br>Plaintiff,<br><br>-against-<br><br>HEALTH AND HOSPITALS; PA PATRICK;<br>DR RAMOS; FAMILY HEALTH INSTITUTE;<br>BETH ISRAEL HOSPITAL,<br><br>Defendants. | 21-CV-8238 (LTS)<br><br>ORDER TO SHOW CAUSE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the North Infirmary Command (N.I.C.) on Rikers

Island, brings this *pro se* action, alleging that Defendants violated his rights in 2013 and 2015.

By order dated October 8, 2021, the Court granted Plaintiff's application to proceed *in forma*

*pauperis* (IFP).[1] For the reasons set forth below, the Court directs Plaintiff to show cause why his

federal claims should not be dismissed as untimely and why any state law claims should not be

dismissed for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's Prisoner Complaint form. He writes that the basis of his claim is "gross negligence" and "malpractice." (ECF 2, at 2.) Named as defendants are "Health and Hospitals," which the Court understands to be New York City Health + Hospitals

(H+H); physician's assistant (PA) Patrick; Dr. Ramos; the Family Health Institute; and Beth Israel Hospital.

The following allegations are taken from the complaint. In 2013, while Plaintiff was detained in the N.I.C. on Riker's Island, he was prescribed meloxicam as a pain reliever, even though he told PA Patrick that "it was not sitting well with [him]." (*Id.* at 7.)

When Plaintiff was released from Rikers Island in 2013, he was sent to the Family Health Institute in Manhattan, where the doctors continued to administer him meloxicam over his objection.

In 2015, Plaintiff suffered a "G.I. bleed" which caused three syncope episodes where Plaintiff died and was revived. The first episode occurred on the floor of a shelter, the second occurred while Plaintiff was on the way to the hospital, and the third episode occurred while Plaintiff was at the hospital. (*Id.* at 7.) During the last episode at the hospital, the doctors sought permission from Plaintiff's then-wife to perform life-saving surgery. Plaintiff also alleges that he personally "signed the surgery agreement." (*Id.*) When Plaintiff woke up, the doctors explained to him that there were two procedures they could have chosen, and that "they chose the one where [Plaintiff's] vegas [sic] nerve would be cut [and] they would have to enter through the rectum." (*Id.*) Since the surgery, Plaintiff has suffered from hypertension, syncope, migraine headaches, blurred vision, mobility problems, and dementia.

Plaintiff "blame[s]" PA Patrick and the Family Health Institute for causing the G.I. bleed, and he blames Beth Israel for choosing to perform a procedure that has caused a difficult recovery. (*Id.* at 8.) Plaintiff alleges that "if [the Beth Israel doctors] correctly chose the other procedure," his recovery would have been quicker, and he would not have suffered the same adverse reactions. (*Id.*)

Plaintiff seeks $100,000,000.00 in damages "for medical malpractice." (*Id.*)

## DISCUSSION

**A.      Section 1983**

Because Plaintiff alleges that he was provided inadequate medical care when he was

detained on Rikers Island, the Court liberally construes those allegations as asserting claims

under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that:

(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right

was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988).

**B.      Statute of limitations**

1.      Plaintiff's Section 1983 claims are time-barred

Plaintiff's Section 1983 claims appear to be time-barred. The statute of limitations for

Section 1983 claims is found in the "general or residual [state] statute [of limitations] for

personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting

*Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y.

C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to

know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir.

2013). Here, Plaintiff alleges that he was provided inadequate medical care in 2013, and that

Plaintiff knew of the injury by 2015 at the latest. Plaintiff does not appear to allege that any of

the events giving rise to his claims occurred more recently than 2015. Plaintiff did not file this

action until 2021,[2] well past the three-year limitations period.

---

[2] The Court notes that under the prison mailbox rule, the filing date for the complaint is
June 29, 2021, the date Plaintiff signed the complaint, not October 5, 2021, the date the Clerk's
Office received the complaint. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005)
(holding that under the prison mailbox rule, a submission from a prisoner is considered filed on

2.      Equitable tolling

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.*

*Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be

equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego

a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition,

New York law provides that where a person "is under a disability because of ... insanity at the

time the cause of action accrues," the applicable statute of limitations will be tolled.[3] N.Y.

C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y.

Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes,

tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable

to protect [his] legal rights because of an overall inability to function in society").

Plaintiff does not allege any facts suggesting that the statute of limitations should be

equitably tolled in this case. Thus, the Court finds that equitable tolling should not apply in this

case.

3.      Notice and opportunity to be heard

Because the failure to file an action within the limitations period is an affirmative

defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v.*

_____

the date the prisoner signed the submission). In any event, Plaintiff filed the complaint well
beyond the three-year limitations period.

[3] New York law also provides for tolling in other circumstances. *See, e.g.,* N.Y. C.P.L.R.
§ 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where
a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.*
at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is
disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

*Dixon*, 480 F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds). But district courts should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640.

The Court therefore directs Plaintiff to file a declaration within thirty days of the date of this order, stating why his Section 1983 claims should not be dismissed as untimely. Plaintiff may include any facts showing that the Court should apply equitable tolling.

## C.    Subject matter jurisdiction of Plaintiff's state law claims

Plaintiff purports to assert state law claims of medical malpractice, but he fails to allege facts demonstrating that the Court has subject matter jurisdiction to consider those claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff asserts state law claims of medical malpractice, but he does not allege facts demonstrating that the Court has diversity jurisdiction to consider those claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship. The Court therefore lacks subject matter jurisdiction to consider Plaintiff's state law medical malpractice claims.

The Court therefore directs Plaintiff to show cause within thirty days of this order why his state law medical malpractice claims should not be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

The Court directs Plaintiff to file a declaration within thirty days of the date of this order showing why the Court should not dismiss his federal claims as untimely and any state law malpractice claims for lack of subject matter jurisdiction. Plaintiff must submit the declaration to this court's Pro Se Intake Unit, caption the document as a "Declaration," and label the document with docket number 21-CV-8238 (LTS). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he

cannot show good cause to excuse such failure, his federal claims will be dismissed as time-barred and his state law claims will be dismissed for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: November 5, 2021
New York, New York

     /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____         _____
Executed on (date)              Signature

_____         _____
Name                                              Prison Identification # (if incarcerated)

_____         _____
Address                    City                   State        Zip Code

_____         _____
Telephone Number (if available)                   E-mail Address (if available)

Page 2