UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABDULLAH SPENCER NIMHAM-EL-DEY,

        Plaintiff,

-against-

HEALTH AND HOSPITALS; PA PATRICK;
DR RAMOS; FAMILY HEALTH INSTITUTE;
BETH ISRAEL HOSPITAL,

        Defendants.

21-CV-8238 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained in the North Infirmary Command on Rikers Island, brings this action *pro se* and *in forma pauperis* (IFP), alleging that Defendants violated his rights in 2013 and 2015. By order dated November 5, 2021, the Court directed Plaintiff to show cause why his federal claims, which arise under 42 U.S.C. § 1983, should not be dismissed as untimely and why any state-law claims should not be dismissed for lack of subject matter jurisdiction. (ECF 5.) Plaintiff filed a declaration on December 14, 2021 (ECF 6.), which the Court has reviewed. The Court dismisses the complaint for reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against "Health and Hospitals," which the Court understands to be New York City Health + Hospitals (H+H); physician's assistant (PA) Patrick; Dr. Ramos; the Family Health Institute; and Beth Israel Hospital. In the complaint he writes that the basis of his claim is "gross negligence" and "malpractice." (ECF 2, at 2.) Plaintiff alleges that in 2013, while he was detained in the NIC, he was prescribed meloxicam as a pain reliever even though he told PA Patrick that "it was not sitting well with him." (*Id.* at 7.) After Plaintiff's release from Rikers Island in 2013, doctors at the Family Health Institute continued to administer him meloxicam. In 2015, Plaintiff suffered a "G.I. bleed" and three episodes of syncope. (*Id.*) During one such episode, doctors at Beth Israel Hospital performed emergency surgery on Plaintiff, which Plaintiff alleges left him with hypertension, syncope, migraine headaches, blurred vision, mobility problems, and dementia. He asserts that, if the doctors had chosen a different surgical procedure, his recovery woud have been quicker and he would not have suffered the same adverse reactions. (*Id.* at 8.)

By order dated November 5, 2021, the Court construed the complaint as asserting claims under 42 U.S.C. § 1983 that Defendants violated Plaintiff's federal constitutional rights, as well as state-law claims of medical malpractice. (ECF 5.) The Court directed Plaintiff to file a declaration stating why his Section 1983 claims, filed well past the three-year limitations period for Section 1983 claims, should not be dismissed as untimely. The Court directed Plaintiff to include in his declaration any facts showing that the Court should apply equitable tolling. Because the complaint does not demonstrate that the Court has diversity jurisdiction to consider Plaintiff's state-law medical malpractice claims, the Court's order also directed Plaintiff to show

2

cause why his medical malpractice claims should not be dismissed for lack of subject matter jurisdiction. The Court received Plaintiff's declaration on December 14, 2021. (ECF 6.)

## DISCUSSION

### A. Equitable Tolling

Plaintiff's declaration does not allege any facts suggesting that Plaintiff's Section 1983 claims are timely or that equitable tolling should apply. Much of Plaintiff's declaration is unfocused and full of unnecessary and uninformative legal jargon. For example, his declaration begins,

> Your Plaintiff files this Declaration seeking the aid of a court of equity, as he fears some future probable injury to his superior heritable rights and interests, etc. And, as the relief, if so granted, must depend upon the circumstances surrounding the complaint, my heritable rights and interests are self-evident.

(ECF 6, at 3.)

Plaintiff further writes,

> This here case requires not an anacrisis, for, due to the discriminatory and corrupt organizational nature (Haderunga – in Old English law, means hatred, ill-will, corruption of organization, prejudice, or partiality) of defendants actions under the Hippocratic oath, etc., to cause no harm to the patient, with such 'assumption of risk,' the UniteD States District Courts must take a sheer cognizance of an interest in said case for the sake of prevention of further liability of such public official "glassman (a term used in St. 1 Jac. I.C.7, for rogues, etc.)", as in an instance proceeding subsequent to the issue of a writ of Monstrans De Droit, whereas I establish my heritable right as the aggrieved party grounded on facts already acknowledged and established in my initial pleading, and praying the Judgement of the court (Haderungabote – recompense for one discriminated against by those with ill-will and malpractice) whether upon these facts the Plaintiff has the said superior heritable right to claim such damages beyond the statute of limitations!

(*Id.* at 4-5.)

Plaintiff appears to suggest that equitable tolling should be applied because Dr. Ramos and PA Patrick "purposefully only apprised [Plaintiff] of his true medical condition" after the

3

limtiations period had expired. (*Id.* at 5.) He alleges that they knew the "full implications of [his] true medical condition," but failed to inform Plaintiff that he "had a law suit." (*Id.*)

While a defendant's fraudulent conealment that a plaintiff has a cause of action may be a cause for equitable tolling, *see Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002), Plaintiff's conclusory allegations are insufficient to justify equitable tolling. To toll a limtiations period, a plaintiff's allegations of fraudulent concealment must be plead with specificity. *See Arnold v. KPMG LLP*, 543 F. Supp. 2d 230, 237 (S.D.N.Y. 2008) ("Courts in this district have made clear that plaintiffs asserting fraudulent concealment as a basis for tolling must specify in [the] pleadings: (1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud." (internal quotation marks and citation omitted)), *aff'd*, 334 F. App'x 349 (2d Cir. 2009). It is not enough for a plaintiff to rely on conclusory assertions of fraudulent conduct. *See Mahoney v. Beacon City Sch. Dist.*, 988 F. Supp. 395, 400 (S.D.N.Y. 1997) ("The evidence submitted by plaintiff to support a fraudulent concealment claim must not be conclusory, and must establish a conspiracy or other fraudulent wrong that precluded plaintiff's possible discovery of the harm she suffered.") (citing *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir.1995)).

Here, Plaintiff has failed to allege any specific facts suggesting that Dr. Ramos or PA Patrick fraudulently concealed anything from him. Neither the complaint nor Plaintiff's declaration allege any specific facts describing how Dr. Ramos was personally involved in any aspect of Plaintiff's claims, including any attempt at fraudulent concealment.[1] Plaintiff's only

---

[1] Plaintiff also states in his declaration that Dr. Ramos's attorney told Plaintiff "that Dr Ramos committed suicide to escape justice." (ECF 6, at 7.)

allegation regarding PA Patrick is that Patrick prescribed meloxicam in 2013 even though Plaintiff told him that the medication "was not sitting well with" him. (ECF 2, at 7.) Plaintiff instead relies on conclusory assertions in his declaration that Ramos and Patrick "knew" at some unspecified time that Plaintiff "had a law suit" but but nevertheless failed to inform him that Meloxicam was causing his medical problems. (*Id.* at 5.)

Plaintiff also appears to argue that his claims are timely by invoking the limitations periods of other statutes. For example, Plaintiff references criminal and civil Racketeering Influenced and Corrupt Organization (RICO) statutes, arguing that "[p]ertinent case law indicates that the statute of limtiations for the predicate acts have no bearing on the validity of a RICO claim," and that "[s]everal courts have considered whether the expiration of the limitations periods on the predicate acts precludes a criminal RICO Prosecution." (*Id.* at 5.) He further argues that cases concerning criminal RICO prosecutions "are equally applicable to civil RICO cases inasmuch as the same basic elements must be established in either case." (*Id.* at 6.) But Plaintiff did not bring his claims as a RICO action, nor do his allegations suggest any plausible RICO claim.

The Court therefore finds that Plaintiff has failed to demonstrate that equitable tolling should be applied to toll his claims under Section 1983.

**B.     Subject Matter Jurisdiction State-Law Claims**

Plaintiff does not allege any facts suggesting that this Court has diversity jurisdiction under 28 U.S.C. § 1332 to consider his medical malpractice claims, which arise under state law. He instead appears to assert that all of his claims arise under the Court's federal question jurisdiction. Plaintiff summarizes the standard to state a claim under Section 1983, and

> aver[s] that said predicate acts of such glassmen being the direct cause of my injuries violated the ADA sec. 2(B)(1), (2), and (3); RICO; organized crime control Act of 1970 Title 42 USCS § 2201; Public Health and Welfare [chs. 1-

  161]; Title 18 USCS § 1961 > Chapter 96 Racketeer influenced and corrupt organizations [§§ 1961-1990]; Title 18 USCS 241 – conspiracy against rights; Title 18 USCS 242 – Deprivation of rights under color of law.

(ECF 6, at 9.) He asserts that he has established federal question jurisdiction because he is "in pursuance of the same above[-]mentioned Federal Laws!" (*Id.*)

Neither the complaint nor Plaintiff's declaration, however, alleges any facts suggesting that Plaintiff can state a viable claim under any of those federal statutes. Plaintiff has otherwise failed to allege facts demonstrating that the Court has diversity jurisdiction to consider his state-law negligence and medical malpractice claims.

For the reasons set forth above and in the Court's November 5, 2021 order to show cause (ECF 5), the Court dismisses Plaintiff's Section 1983 claims as time-barred and dismisses his claims under state law for lack of subject matter jurisdiction.

## CONCLUSION

The Court dismisses Plaintiff's claims under Section 1983 as time-barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims under state law for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 18, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge